## WOODS v. KIRKLAND.

2ᵃ 337
104 56

An injunction obtained by the plaintiff, in an action for a trespass on land, will not be perpetuated on the testimony of a witness that defendant had said that he would trespass on plaintiff's land, where no actual trespass is established.

APPEAL from the District Court of West Baton Rouge, *Burk,* J. *Elam,* for the appellant, contended that the injunction granted in this case should be perpetuated. *Herron,* for the defendant, cited Code of Pract. art. 298. The judgment of the court was pronounced by

KING, J. The plaintiff seeks in this action to recover damages for trespasses alleged to have been committed on his land by the defendant, and he accompanied his suit by an injunction, inhibiting the defendant from further invasions of his property. The general issue was pleaded in defence. The court below considered that the plaintiff had failed in his proofs, and rendered a judgment of non-suit, from which this appeal has been taken.

The alleged trespasses were not proved on the trial; but one of the witnesses stated, that the defendant said he would cut wood on the plaintiff's land. It is contended that, in view of this menace, the injunction should have been perpetuated, although no actual trespass was committed.

We consider the testimony too vague and inconclusive, to authorize the perpetuation of the injunction. *Judgment affirmed.*

---

## WEBB, Administrator, v. KEMP.

Where the amount in contest, in a rule taken on a sheriff, to show cause why he should not be made liable for the balance due on a *fi. fa.,* of which no return was made, is less than three hundred dollars, no appeal will lie; and where, in such a case, an appeal has been taken, it will be disregarded by the court, though no objection on the ground of want of jurisdiction be made by either party.

APPEAL from the District Court of St. Helena, *Jones,* J. *Merrick,* for the appellant. *Baylies* and *Lawson,* for the defendant. The judgment of the court was pronounced by

KING, J. The sum in controversy in this cause is below the jurisdiction of this court, and the appeal must be dismissed. A rule was taken on the sheriff to show cause why he should not be held liable for the amount of a *fieri facias* which went into his hands, directing him to make $410, with interest, of which no due return was made. Before the rule was taken, the sheriff had paid to the plaintiff $400, on account, for which the latter had given his receipt on the writ; and the controversy between the parties relates to the balance due on the writ, which is much less than $300. The claim is evidently fictitious, and cannot confer jurisdiction on this court. We have already had occasion to say, that we would decline considering causes not within the jurisdiction of the court, although the parties themselves should not make the objection. *Appeal dismissed.*